UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| ERIC SMALLS, | | |
| | Plaintiff, | |
| Vs. | | 9:05-CV-1469 |
| DALE LaCLAIR, Sgt., Clinton Correctional Facility; HENRY LaFOREST, DENNIS BOUVIER, RONALD MUSSEM, TERRY ALLEN, JAMES CANNING, R. MITCHELL, and R. MOORE, Each Correction Officers, | | |
| | Defendants. | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                                          OF COUNSEL:

ERIC SMALLS
98-A-6277
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

MICHAEL A. BOTTAR, ESQ.
Attorney for Plaintiff (Pro Bono Trial Counsel)
Suite 1600
MONY Tower II, 16th Floor
120 Madison Street
Syracuse, NY 13202

HON. ANDREW M. CUOMO                                  HEATHER R. RUBINSTEIN, ESQ.
Attorney General of the                                           Asst. Attorney General
  State of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD,
United States District Judge

**O R D E R**

## I. INTRODUCTION

The Office of the Attorney General moves pursuant to Fed. R. Civ. P. 60 for reconsideration and rescission of the judgment for jury costs in the sum of $2,000.

## II. BACKGROUND

November 25, 2002 - The plaintiff, a prisoner, was involved in an altercation with the correction officer/defendants at the Clinton Correctional Facility, Dannemora, New York.

January 22, 2003 - Plaintiff and his principal witness, Lewis Jones, were indicted by a Clinton County Grand Jury for assaulting correction officers on November 25, 2002.

May 12, 2003 - Plaintiff plead guilty in Clinton County Court to two felony counts in the indictment - for assaulting correction officer/defendants Henry LaForest and Dennis Bouvier on November 25, 2002. He subsequently received a sentence of two to four years consecutive to his current prison sentence.

July 22, 2003 - Plaintiff's principal witness plead guilty to a misdemeanor for assaulting one of the correction officers on November 25, 2002.

November 25, 2005 - Plaintiff filed a ninety-two (92) paragraph sworn complaint against the correction officer/defendants, claiming he was subjected to excessive force by them on November 25, 2002, with absolutely no fault or aggressive action on his part.

November 25, 2005 to May 6, 2008 - Answers were filed. Extensive pretrial motions and conferences were heard by the Magistrate Judge.

May 6, 2008 - Trial was set for June 10, 2008. Thereafter, two pretrial conferences were held. Writs of Habeas Corpus were issued for the appearance of plaintiff and his principal witness to be brought from prison to court.[1]

---

[1] Pro bono trial counsel was appointed for plaintiff on March 4, 2008. It must be noted that Assistant Attorney General (AAG), Heather R. Rubinstein was not assigned to the case until March 27,
(continued...)

June 2, 2008 - The AAG, as defense counsel, learned (accidentally) for the first time, that plaintiff made extremely damaging admissions by pleading guilty to felony charges for assaulting two of the correction officer/defendants with regard to the very altercation that is the subject of his claims in this action.

June 9, 2008 - The day before trial, the AAG received certified copies of plaintiff's Indictment, Sentence, and Commitment.  The AAG did not have a transcript of the plea.  The AAG advised plaintiff's pro bono trial counsel about the guilty plea by his client.

June 10, 2008 - A panel of approximately thirty jurors appeared for selection.  AAG advised the court for the first time about the admissions in plaintiff's guilty plea and the guilty plea of his principal witness.  Trial was adjourned one day to allow the court, the attorneys, the parties, and the witness to assess this new revelation and its effect upon the trial.

June 11, 2008 - Again, a panel of approximately thirty jurors appeared for selection. Eight jurors were selected for trial.  Plaintiff's pro bono trial counsel's motion to suppress the Clinton County felony assault convictions was denied.  Plaintiff was advised that in view of the conflict between his guilty plea and his sworn complaint, depending upon his testimony at trial, the matter may be referred to the United States Attorney's office for review of possible perjury charges.  After being given the opportunity to consult with his pro bono trial counsel, plaintiff voluntarily elected to discontinue the action on the merits.  The eight jurors were excused.  The Office of the Attorney General was assessed jury costs of $2,000 for June 10, 2008, the one day on which the jury panel appeared but was not selected.

---

[1](...continued)
2008.  Prior to that, the case was handled by AAG Ed J. Thompson from April 25, 2006 to July 18, 2007, and AAG Senta B. Siuda from July 18, 2007 to March 27, 2008.

## III. **DISCUSSION**

The issue is whether or not the actions of the AAG in:

(1) not learning about the plaintiff and his principal witness's guilty pleas until seven days before trial;

(2) not advising the plaintiff's attorney until one day before the trial; and

(3) not advising the court until the morning of the trial, caused the one day postponement of the trial and selection of the jury?

The issue is not whether a timely dispositive motion based upon the guilty plea would have been successful. We will never know the results of such a motion if it had been made, because the AAGs handling the case were completely ignorant of plaintiff's guilty plea. At the very least, by raising plaintiff's admissions to the guilty plea as an affirmative defense; in a motion; or during conferences with the court, including the Magistrate Judge, everyone would have been put on notice of the situation well in advance of the trial.

The plaintiff was certainly not going to raise the issue of the plea himself or advise his pro bono trial counsel. He was undoubtedly hoping that his guilty plea would never be known to anyone but himself throughout the entire trial. He almost succeeded except for the accidental disclosure to the AAG by one of the correction officer/defendants seven days before the trial. Even so, the very late disclosure by the AAG almost resulted in evidence of plaintiff's admissions of guilt being excluded.

The direct cause of the one day postponement was the failure of the AAG to advise the court of the vital fact that the plaintiff and his chief witness had admitted guilt to crimes directly related to his excessive force claims until the morning of the trial. Because of this failure, it was necessary to postpone jury selection for one day. This allowed everyone to review the new situation. Plaintiff's pro bono trial counsel could not have prepared for the

late revelation to him. Thus it allowed him to review the newly discovered information (to him) with his client and determine their future action. It also gave the plaintiff time to think about his chances at trial and the court to consider its obligations. As a direct result of the postponement, the case was eventually voluntarily discontinued by the plaintiff. Perhaps a voluntary discontinuance may have taken place months, if not years, previously if the AAGs had timely learned of the guilty plea and brought them to the attention of the court in pleadings, motions, and/or at a conference.[2]

The $2,000.00 assessment is a small price to be paid by the Office of the Attorney General. The discontinuance saved the expense of several days of trial. This entire issue would have been avoided if the Office of the Attorney General had acted with due diligence in investigating and defending this case.

Consider this simple scenario:

1. Mr. Jones pleads guilty to felony assault against Mr. Smith and receives a prison term of two to four years;

2. Mr. Jones sues Mr. Smith under § 1983 for physical injuries alleging that they are the result of the use of excessive force by Mr. Smith arising out of the same incident to which he previously plead guilty to felony assault against Mr. Smith;

3. Mr. Smith's lawyer fails to learn about the guilty plea until 5 ½ years after the altercation - 5 years after the plea - 2 ½ years after the law suit was commenced - and 1 week before trial;

4. Mr. Smith's lawyer does not inform the trial court of the guilty plea until the morning of the trial; and

---

[2] Such action would have alerted the plaintiff to the fact that the defense knew about his plea and he would not be able to hide that fact at trial. It might have caused him to reconsider. Again, we will never know.

- 5 -

     5. Jury selection is delayed one day.

Was Mr. Smith's lawyer guilty of legal malpractice in representing his client?  Was Mr. Smith's lawyer the cause of the one day delay?  The facts speak for themselves.

## IV. **CONCLUSION**

The Office of the Attorney General was clearly the cause of the one day trial postponement.  The costs are justified.

Therefore, it is

ORDERED, that

1. The motion for reconsideration is GRANTED; and

2. Upon reconsideration, the motion for rescission of the Judgment for jury costs is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   September   5, 2008
        Utica, New York.